877 P.2d 274

**In the Matter of a Member of the State Bar of Arizona Jerold KAPLAN, Attorney No. 001082, Respondent.**

**No. SB-94-0059-D.**
**Comm. No. 90-1051.**

Supreme Court of Arizona.

June 21, 1994.

J. Douglas McVay, Phoenix, AZ, for respondent.

Donna Lee Elm, Bar Counsel, Harriet L. Turney, Chief Bar Counsel, Phoenix, AZ, for the State Bar of Arizona.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **JEROLD KAPLAN,** a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that JEROLD KAPLAN shall pay restitution in the amount of $575.00 to Pacific Standard Life Insurance Company (or its receivers or corporate successors), which represents the amount paid to JEROLD KAPLAN for services not rendered, within 120 days of issuance of this Judgment and Order.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **JEROLD KAPLAN** for costs incurred by the State Bar of Arizona in the amount of $379.20, together with interest at the legal rate from the date of this judgment.

APPENDIX

BEFORE THE DISCIPLINARY
COMMISSION

OF THE

SUPREME COURT OF ARIZONA

Comm. No. 90-1051

In the Matter of

Jerold KAPLAN, Attorney No. 001082

a Member of the

State Bar of Arizona

RESPONDENT.

*DISCIPLINARY COMMISSION REPORT*

[Filed May 12, 1994.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona

for review on March 12, 1994, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Committee's recommendation of approval of the agreement for discipline by consent providing for censure, probation, and restitution.

## Decision

With six members concurring and two members dissenting,[1] the Commission adopts the Committee's recommendation that the agreement for discipline by consent be accepted, and that the respondent, Jerold Kaplan ("Kaplan"), be censured and placed on probation for a period of one year under the terms and conditions set forth below, and that he make restitution to the Client or its receivers or successors equal to 100% of all fees paid to Kaplan in connection with Count One, within 120 days of the entry of the judgment and order.

The Commission also unanimously adopts the Tender of Admissions and Agreement for Discipline by Consent and the Joint Memorandum in Support of Agreement for Discipline by Consent as its findings of fact and conclusions of law.

## Terms of Probation

The Commission recommends that Kaplan be placed on probation for a period of one year, commencing on the date of the Commission's order, under the following terms and conditions:

1. Kaplan shall commit no ethical violations during the probationary period. This term is intended to include any actual finding of an ethical violation during the probationary period. The mere filing of a bar complaint or similar charge against Kaplan during the term of probation shall not constitute an ethical violation for this purpose.

2. Kaplan shall submit to and cooperate with an audit of his law practice by the Law Office Management Assistance Program ("LOMAP") and such other random audits as may be directed by LOMAP during the probationary period.

3. Kaplan shall implement any and all reasonable suggestions made by LOMAP as a result of the initial or any subsequent audit.

4. Kaplan shall report compliance with all probationary terms to such person as the State Bar shall designate.

5. Kaplan shall pay any and all costs incurred as a result of the probationary terms, including costs incurred for the LOMAP audit.

6. Should Kaplan fail to comply with any of the terms of probation, the State Bar shall notify Hearing Committee 6B in writing, whereupon the Committee shall conduct a hearing no later than thirty days after Kaplan's receipt of the notice to determine whether there has occurred noncompliance and, if so, to recommend an appropriate sanction.

## Facts

Kaplan has conditionally admitted that he was retained in 1986 by an insurance company (the "Client") for the purpose of collecting debts from two parties. In Count One, Kaplan filed a lawsuit against the first debtor, who was served and subsequently filed an answer. Kaplan failed to adequately communicate with the Client during the pendency of this lawsuit, however, and failed to notify the Client that the case was dismissed.

In Count Two, after filing a lawsuit for the Client against the debtor in the second collection matter, Kaplan was unable to locate the defendant for service of the summons and complaint. Kaplan failed to adequately communicate with the Client about how to proceed in this matter, and thereafter ceased pursuing the action without the Client's consent. The case was later dismissed without prejudice.

## Discussion of Decision

■ Kaplan has conditionally admitted that his conduct was in violation of ER 1.1,

---

1. Commissioner Doyle did not participate in these proceedings. Commissioners Bossé and Rubin dissent, in the belief that the sanction is not severe enough in light of the misconduct and the prior discipline.

ER 1.3, ER 1.4, and ER 1.16. The Committee and Commission agree.

■ In determining the appropriate sanctions, the Court considers the American Bar Association's *Standards for Imposing Lawyer Sanctions* a suitable guideline. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Commission uses that guideline, as well.

Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client. In Count One, Kaplan failed to notify the Client that the lawsuit had been dismissed. In Count Two, he failed to consult with the Client on how to proceed when the defendant could not be found. Kaplan's failure to pursue either of these matters diligently was in large part the result of his failure to communicate to the Client the procedures and practices of his office in handling collection matters. Despite the fact that both lawsuits were dismissed, there was little or no harm to the Client, as apparently neither debt was collectible. Further, either case could have been refiled, as the statute of limitations for both cases was six years.

Standard 4.5, concerning a lawyer's failure to provide competent representation to a client, also indicates censure is appropriate. Standard 4.53(a) provides for censure when a lawyer demonstrates a failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client. By his failure to adequately pursue the Client's claims, and by misplacing important documents transmitted to him by the Client which might have prevented the dismissal in one of the matters, Kaplan provided less than competent representation.

Standards 9.22 and 9.32, which list factors to be considered in aggravation and mitigation, respectively, also assist in determining the appropriate sanction. Factors present in aggravation are multiple offenses and sub-

stantial experience in the practice of law, having been admitted to the Arizona Bar in 1959. In addition, Kaplan has twice been informally reprimanded for very similar conduct.

Factors present in mitigation are the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and cooperative attitude towards the proceedings, and remorse. The Commission agrees with the Committee that additional mitigating factors are Kaplan's efforts to modify his office practices to prevent the recurrence of similar problems, and his willingness to submit to an audit of his office and implement any changes suggested.

■ Based on the agreement for discipline, the joint memorandum in support of the agreement, and a review of the foregoing Standards as applied to the facts in this case, the Commission agrees that a censure is appropriate for the misconduct at issue. The provision that Kaplan seek the assistance of LOMAP will help to ensure that office procedures are put into place which will prevent further inadequate and untimely communication between Kaplan and his clients, as well as prevent his office from losing additional documents. The recommended repayment of all fees paid by the Client in connection with Count One is also appropriate, as regardless of the merit of the case, Kaplan failed to perform the services for which he was paid.[2] The purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration of justice. *In re Neville,* 147 Ariz. 106, 708 P.2d 1297 (1985). The Commission believes that the sanctions recommended herein will fulfill that purpose.

/s/ Steven L. Bossé
Steven L. Bossé,
Chairman
Disciplinary Commission

---

**2.** Apparently, restitution is not recommended in connection with Count Two as Kaplan stopped performing services on that case only after determining he could not locate the defendant; his error, therefore, was in not communicating that fact to the Client, rather than failing to pursue the matter itself.