67 P.3d 23 (2003)
The PEOPLE of the State of Colorado, Complainant,
v.
David Burton APKER, Respondent.
No. 02PDJ088.
Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.
April 7, 2003.
Opinion by Presiding Disciplinary Judge ROGER L. KEITHLEY and Hearing Board Members EDWIN S. KAHN and DAVID A. HELMER both members of the bar.

REPORT, DECISION AND IMPOSITION OF SANCTION

SANCTION IMPOSED: ATTORNEY DISBARRED
A sanctions hearing pursuant to C.R.C.P. 251.15 was held on March 6, 2003, before the Hearing Board consisting of the Presiding Disciplinary Judge ("PDJ") Roger L. Keithley and two hearing board members, David A. Helmer and Edwin S. Kahn, both members of the bar. Terry Bernuth, Assistant Regulation Counsel, represented the People of the State of Colorado (the "People"). Respondent David Burton Apker ("Apker") did not appear either in person or by counsel.
The People filed a Complaint in this matter on Oct. 18, 2002. The Citation and Complaint were sent via regular and certified mail to Apker on the same date to Apker's two registered addresses. The People filed a Proof of Service on Oct. 23, 2002, which indicates that Apker signed for receipt of the Citation and Complaint at his registered business address. Apker failed to file an Answer or otherwise respond to the Complaint.
On Dec. 12, 2002, the People moved for default on the claims set forth in the Complaint. On Jan. 8, 2003, the PDJ granted the motion for default as to the facts set forth in the Complaint, which were deemed admitted, and as to the violation of the claims set forth in the Complaint, which were deemed established.
This is a reciprocal discipline matter from the State of Arizona brought pursuant to C.R.C.P. 251.21. The Complaint in this action gave notice to Apker that the Office of Attorney Regulation Counsel would seek substantially different discipline before the Colorado Supreme Court than that imposed in the State of Arizona. See C.R.C.P. 251.21(d).
At the sanctions hearing, exhibits 1 through 3 were offered by the People and admitted into evidence. The Hearing Board considered the People's argument, the facts and violations established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence.

I. FINDINGS OF FACT
David Burton Apker has taken and subscribed to the oath of admission, was admitted to the bar of the Colorado Supreme Court on May 17, 1977 and is registered upon the official records of this court, attorney registration number 08105. Apker is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).
On October 18, 2001, the Arizona Supreme Court entered an Order suspending Apker from the practice of law in that state for a period of six months and one day. Under Arizona law, a suspension for a period of time greater than six months requires a formal reinstatement proceeding. A copy of the Order of Suspension is attached hereto as Exhibit "A."
II. CONCLUSIONS OF LAW AND IMPOSITION OF SANCTION
The Complaint in this action seeks imposition of discipline under the reciprocal discipline provisions of C.R.C.P. 251.21. Pursuant to subsection (d) of that Rule, the Office of Attorney Regulation Counsel seeks substantially different discipline than that imposed by Arizona. C.R.C.P. 251.21(d) provides that the same discipline imposed in the *25 foreign jurisdiction shall be imposed in Colorado unless certain exceptions exist. See People v. Calder, 897 P.2d 831, 832 (1995).
C.R.C.P. 251.21(d) provides in part:
At the conclusion of proceedings brought under this Rule, the Hearing Board shall issue a decision imposing the same discipline as was imposed by the foreign jurisdiction, unless it is determined by the Hearing Board that:
(1) The procedure followed in the foreign jurisdiction did not comport with requirements of due process of law;
(2) The proof upon which the foreign jurisdiction based its determination of misconduct is so infirm that the Hearing Board cannot, consistent with its duty, accept as final the determination of the foreign jurisdiction;
(3) The imposition by the Hearing Board of the same discipline as was imposed in the foreign jurisdiction would result in grave injustice; or
(4) The misconduct proved warrants that a substantially different form of discipline be imposed by the Hearing Board.
A final adjudication in another jurisdiction of attorney misconduct constituting grounds for discipline is, for purposes of attorney disciplinary proceedings in Colorado, conclusively established. See C.R.C.P. 251.21(a). The suspension order issued by the Arizona Supreme Court is such a final order.
In order to determine if any of the four factors set forth in C.R.C.P. 251.21(d) are satisfied, the Hearing Board must consider the evidence before it. In this default proceeding, the evidence before the Hearing Board are the findings made by the Arizona Supreme Court.
The Arizona Supreme Court found that Apker failed to notify and deliver trust funds that his client had paid to him. Apker's conduct violated the Arizona Rules of Professional Conduct, ER 1.15(b)(receipt of third party funds), 8.4(b)(committing a criminal act that reflects adversely on the lawyer), ER 8.4(d)(engaging in conduct that is prejudicial to the administration of justice) and SCR43(d) (trust account/guideline authority).
The Arizona Supreme Court also found that Apker, in connection with his failure to deliver funds, committed theft, under A.R.S. § 13-1802.A.2. Pursuant to that statute, a person commits theft:
[I]f, without lawful authority, the person knowingly "[c]onverts for an unauthorized term or use services of property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use."
Theft by an attorney, as theft is defined under Arizona law, constitutes knowing conversion of client property under Colorado law. The knowing conversion of client property almost invariably results in disbarment under Colorado law. See People v. Rishel, 50 P.3d 938 (Colo.O.P.D.J.2002) (holding that the theft of funds warrants the sanction of disbarment, regardless of whether the funds belonged to a third party or to a client). See also People v. Varallo, 913 P.2d 1 (Colo.1996) (knowing conversion of the property of a client without authority from the client results in disbarment); People v. Coyne, 913 P.2d 12 (Colo.1996)(holding that attorney's personal use of funds held in trust for clients warranted disbarment).
Under the analysis set forth in People v. Lujan, 890 P.2d 109 (Colo.1995), the mitigation necessary to reduce the presumptive sanction of disbarment for knowing conversion to some lesser sanction has to be "extraordinary and tragic." Since Apker neither responded to the charges against him nor appeared at this proceeding, no mitigation has been presented.
Accordingly, the Hearing Board concludes that the misconduct found by the Arizona Supreme Court warrants a substantially different form of discipline under Colorado law than that imposed under the law of Arizona. See C.R.C.P. 251.21(d)(4).

III. ORDER
It is therefore ORDERED:
1. DAVID BURTON APKER, attorney registration number 08105 is disbarred from the practice of law in the State of Colorado, effective thirty-one days from the date of this Order, and his name shall *26 be stricken from the roll of attorneys licensed to practice law in this state;
2. Apker is ordered to pay the costs of these proceedings. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE SUPREME COURT OF ARIZONA
IN THE MATTER OF A
SUSPENDED MEMBER OF THE
STATE BAR OF ARIZONA,
Comm. No. 99-2298
DAVID B. APKER,
Attorney No. 004741
Respondent.

Disciplinary Commission Report
This matter was scheduled before the Disciplinary Commission of the Supreme Court of Arizona on April 14, 2001, pursuant to Rule 53(d), Ariz. R.S.Ct., for consideration of the Hearing Officer's report, filed January 19, 2001, recommending an indefinite suspension and payment of Respondent's debt. The State Bar filed an objection and recommended at least a suspension of six (6) months and one (1) day, restitution and costs.

Decision
The eight[1] (8) members of the Commission unanimously apply a clearly erroneous standard to all of the Hearing Officer's findings of fact and conclusions of law, except the violation of ER 8.4(d) and apply de novo review of the recommendation.[2] The Commission recommends that Respondent, David P. Apker, be suspended for a period of six (6) months and one (1) day,[3] pay restitution in the amount of $4,646.00 to TSG Title Agency, Inc. and pay costs of these disciplinary proceedings.

Discussion of Decision
The Commission found by clear and convincing evidence that Mr. Apker's conduct, which was deemed admitted by default, violated Rule 42 of the Arizona Rules of the Supreme Court, specifically,
ER 1.15(b) (receipt of third party funds), 1 violation
ER 8.4(b) (commit a criminal act that reflects adversely on the lawyer), 1 violation
ER 8.4(d) (engage in conduct that is prejudicial to the administration of justice), 1 violation
SCR 43(d) (Guideline 1.c)(trust account/guideline authority) 1 violation
Respondent was summarily suspended on April 28, 2000, for non-payment of dues and he remains suspended.
In Count One, Respondent was hired by MCO Properties to hold trustees' sales to foreclose against parcels of realty. Respondent ordered and obtained from TSG Title Agency, Inc., two trustee sale guarantee reports, for which TSG billed Respondent in the amount of $4,646. MCO paid Respondent the money owed to TSG; however, he *27 failed to promptly notify TSG and failed to promptly deliver funds to TSG in violation of 1.15(b) and 8.4(d), failed to have internal controls to safeguard fund held in trust in violation of Rule 43(d) (Guideline 1.c.) and committed theft,[4] in violation of 8.4(b) by using the money to pay himself and other creditors. Count Two addresses the Respondent's prior discipline.
Although not alleged by the State Bar, the Commission notes that Respondent violated Rule 31(c) 3, when he moved and did not notify membership at the State Bar, and he violated ER 8.1(b) and Rules 51(h) and (i) by not responding.
In determining the appropriate sanction, out Supreme Court considers the American Bar Association's Standards for Imposing Lawyer Sanctions ("Standards ") a suitable guideline. In re Kaplan, 179 Ariz. 175, 877 P.2d 274 (1994). The Supreme Court and the Commission are consistent in utilizing the Standards to determine appropriate sanctions for attorney discipline. In imposing a sanction after a finding of misconduct, consideration is given to the duty violated, the lawyer's mental state, the actual or potential injury caused by the misconduct and the existence of aggravating and mitigating factors. See Standard 3.0.
A review of Standard 4.0 indicates that suspension is the presumptive sanction for Respondent's particular misconduct. Standard 4.0 addresses Violations of Duties Owed to Clients, with 4.12 specifically providing:
Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.
Respondent knowingly violated his duties owed to the client by failing to deliver funds to the title company causing actual injury. In addition the Supreme Court has stated that a lawyer's failure to respond to the State Bar inquiries borders on contempt for the legal system. In re Galusha, 164 Ariz. 503, 794 P.2d 136 (1990).
The Commission, having concluded that suspension is warranted, reviewed Standards 9.22 and 9.32, aggravating and mitigating factors, respectively. The Hearing Officer found five (5) aggravating factors present in the record, 9.22(a)(prior disciplinary offenses),[5] (b)(selfish motive), (e)(bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders of the disciplinary agency), (g)(refusal to acknowledge wrongful nature of conduct), and (i)(substantial experience in the practice of law).[6] The State Bar also argued for (h) (vulnerability of the victim), (j)(indifference in making restitution) and (k) (illegal conduct). The Commission agrees.
The Commission, as well as the Hearing Officer, found one (1) factor present in mitigation, 9.32(m)(remoteness of prior offense).
The Commission considered the proportionality analysis provided and found the following cases instructive. In Matter of Fletcher, SB 99-0090-D (200), the respondent was censured and placed on probation for violating Ers 1.15(b) and 8.1(b). Fletcher failed to pay investigators and consultants and did not timely respond to State Bar inquiries. There was no aggravation or mitigation. In Matter of Jones, 169 Ariz. 19, 816 P.2d 916 (1991), the respondent was disbarred and ordered to pay restitution for violating DR 1-102(A)(3) & (6), DR 9-102(b) and Ers 1.15(b) and (c). Jones failed to remit insurance proceeds, which belonged to a client, failed to safeguard client property and converted funds.

*28 Conclusion

The purpose of discipline is to protect the public and deter similar conduct by other lawyers. Matter of Kersting, 151 Ariz. 171, 726 P.2d 587 (1986). Another purpose is to instill public confidence in the bar's integrity. Matter of Horwitz, 180 Ariz. 20, 29, 881 P.2d 352, 361 (1994). Yet another purpose is to maintain the integrity of the legal system. In re Fioramonti, 176 Ariz. 182, 187, 859 P.2d 1315, 1320 (1993). Therefore, having considered Respondent's misconduct, application of the Standards, including the significant factors present in aggravation and the single factor in mitigation, and a proportionality analysis, the Commission recommends a six (6) month and one (1) day suspension, restitution and costs of these disciplinary proceedings.
Respectfully submitted this 15th day of May, 2001.

SUPREME COURT OF ARIZONA
In the Matter of a
Suspended Member of the
State Bar of Arizona
Arizona Supreme Court No. SV-01-0126-D
DAVID B. APKER,
Attorney No. 4741
Respondent.

Disciplinary Commission No. 99-2298
This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no discretionary or sua sponte review occurring,
IT IS ORDERED, ADJUDGED AND DECREED that DAVID B. APKER, a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of six (6) months and one (1) day, effective as of the date of this Judgment and Order, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the Commission report....
IT IS FURTHER ORDERED that DAVID B. APKER shall pay restitution in the amount of $4,646.00 to TSG Title Agency, Inc.
IT IS FURTHER ORDERED that DAVID B. APKER SHALL COMPLY WITH ALL THE PROVISIONS OF Rule 63, Rules of the Supreme Court of Arizona, including, but not limited to, Rule 63(a), which requires that Respondent notify all of his clients, within ten (10) days from the date hereof, of his inability to represent them and that he should promptly inform this Court of his compliance with this Order as provided in Rule 63(d).
IT IS FURTHER ORDERED that DAVID B. APKER shall pay the costs and expenses of these proceedings in the amount of $1,487.41, together with interest at the legal rate from the date of this judgment.
Dated this 18th day of October, 2001.
NOTES
[1] One public seat remained vacant.
[2] While great deference is given to the Hearing Officer's report and recommendation, Matter of Pappas, 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988), the Commission finds that given a default was entered all ethical rules alleged in the Complaint should be found, unless a Hearing Officer finds that the State Bar Complaint is so lacking in support for the violation or there is clearly an additional violation. The Hearing Officer indicated to Bar counsel his concern regarding theft. Bar counsel briefed this issue in it Post Aggravation/Mitigation Memorandum. The Commission is satisfied that all allegations should be found. Furthermore, the recommendation given by the Hearing Officer does not comply with Rule 52 or the American Bar Association's Standards for Imposing Lawyer Sanction.
[3] This will require Respondent to apply for reinstatement, pursuant to Rules 71(d) and 72, which requires proof of rehabilitation.
[4] A.R.S. § 13-1802.A.2 states that a person commits theft, if without lawful authority, the person knowingly "[c]onverts for an unauthorized term or use services of property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use." The facts in this case indicate that Respondent converted his client's property for an unauthorized term or use, and thereby committed theft.
[5] Respondent received a private informal reprimand in 1986 for violating ER 3.3(a)(1) and (2) and 8.4(a), (b) and (c).
[6] The Hearing Officer inadvertently stated (h), but found (i). Respondent was admitted to the State Bar of Arizona on December 7, 1976.