SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| In the Matter of | ) Arizona Supreme Court |
| | ) No. SB-03-0113-D |
| RICHARD E. CLARK, | ) |
| Attorney No. 9052 | ) Disciplinary Commission |
| | ) No. 00-1066 |
| Respondent. | ) |
| | ) **O P I N I O N** |
| _____ | ) |

REVIEW FROM DISCIPLINARY COMMISSION

**REVERSED IN PART; AFFIRMED IN PART; REMANDED**

Richard E. Clark                                              Scottsdale
        Respondent Pro Se

State Bar of Arizona,                                         Phoenix
        by  Patricia A. Sallen, Bar Counsel
Attorney for State Bar of Arizona

M c G R E G O R, Vice Chief Justice

¶1      In this lawyer disciplinary proceeding, a hearing officer concluded that Richard E. Clark violated Rule 42 of the Rules of the Supreme Court of Arizona, Ethical Rule (ER) 8.4(c) (stating that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation") and ER 8.4(d) (prohibiting lawyers from "engag[ing] in conduct that is prejudicial to the administration of justice"). The hearing officer recommended censure, one year of probation, and an order of restitution to Clark's former client, Edward Kosac, Jr. The Disciplinary Commission expressly

adopted the hearing officer's findings of fact, but recommended increased discipline and urged that Clark receive a two-year suspension, two years of probation, and be ordered to pay restitution. We granted review to clarify the standard of review that the Disciplinary Commission must apply when reviewing factual findings of a hearing officer. We review this matter pursuant to Article VI, Section 5.3 of the Arizona Constitution and Rule of the Supreme Court of Arizona 59(a).

## I.

¶2 The facts, as found by the hearing officer and adopted by the Disciplinary Commission, are as follows. Clark began practicing law in Arizona in 1983 and, in the early 1990s, represented Kosac in a lawsuit arising out of a real estate claim (the Kosac lawsuit). The lawsuit resulted in a judgment against Kosac.

¶3 Because of factors unrelated to the Kosac lawsuit, Clark filed a petition for bankruptcy. Based upon Clark's conduct during the Kosac lawsuit, conduct for which Clark received an informal reprimand from the State Bar, Kosac filed a claim against Clark in bankruptcy court. The bankruptcy court entered a non-dischargeable judgment for Kosac against Clark. This proceeding arises from Kosac's attempts to collect that judgment.

¶4        Kosac hired attorney Steven W. Cheifetz to collect the judgment against Clark.  Among other efforts, Cheifetz served writs of garnishment on three of Clark's clients, all of whom denied owing any amounts to Clark.  Cheifetz next scheduled a debtor's examination and served a subpoena upon Clark.  The subpoena required Clark to bring to Cheifetz's office records identifying those clients who owed Clark money and other financial information related to his legal practice.

¶5        At the judgment debtor's exam in May 2000, Clark informed Cheifetz that, on the previous day, he had formed a professional corporation, Richard Clark, P.C., and had transferred all of the assets from his sole proprietorship law practice to his professional corporation.  At both the debtor's examination and in his testimony during disciplinary proceedings, Clark stated that he formed the professional corporation to establish a medical reimbursement plan and to facilitate payment of income taxes.  During disciplinary proceedings, Clark also testified that he formed the professional corporation to limit what he believed were inappropriate contacts between Cheifetz and Clark's clients.  At the debtor's examination, Clark indicated that the corporation had already been garnished by another of Clark's creditors after Clark told that creditor about the transfer of assets.

¶6        Cheifetz subsequently served a writ of garnishment on Richard Clark, P.C. in connection with the proceedings in the United States Bankruptcy Court for the District of Arizona.[1]  In the interim, Kosac filed the State Bar complaint that led to these proceedings.

¶7        The State Bar filed a formal complaint against Clark in December 2001, charging him with one count of conduct involving dishonesty, fraud, deceit or misrepresentation in violation of ER 8.4(c) and one count involving conduct prejudicial to the administration of justice in violation of ER 8.4(d).  After conducting a several-day hearing, the hearing officer issued his report.

¶8        Before concluding that Clark's conduct violated the Arizona Rules of Professional Conduct and recommending

---

[1]        Upon the suggestion of the bankruptcy judge, Kosac transferred his case against Clark from the bankruptcy court to the superior court.  The superior court found that Clark's conduct with regard to the transfer of assets constituted a fraudulent conveyance in violation of Arizona Revised Statutes (A.R.S.) section 44-1004 (2003).  That statute provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor or the debtor.

A.R.S. § 44-1004.A.1.  Subsection B lists a number of factors that the court may consider to determine actual intent.  A.R.S. § 44-1004.B.

4

discipline, the hearing officer made several findings related to Clark's state of mind. Those findings are critical to our review.

¶9     Throughout his factual findings, both those related to the alleged misconduct and those related to appropriate discipline, the hearing officer found that Clark did not knowingly or intentionally violate his ethical duties. In evaluating Clark's motive for transferring property to his professional corporation, the hearing officer stated that he had no doubt that Clark, "in his heart of hearts," believed that the property he transferred to his professional corporation had no value. Nevertheless, the hearing officer concluded that Clark's conduct constituted a fraudulent transfer in violation of A.R.S. section 44-1004 because the professional corporation did not give Clark fair consideration for the transferred property. The hearing officer also expressly found that Clark's conduct did not involve dishonesty, deceit or misrepresentation. In recommending discipline, the hearing officer stated that Clark "negligently violated a duty to the courts and to his former client" and that "his mental state did not demonstrate a state of mind of maliciousness or avarice." In determining the appropriate sanction to impose, the hearing officer looked to

5

the *ABA Standards for Imposing Lawyer Sanctions (Standards)*[2] and recommended discipline that is appropriate when a lawyer acts negligently rather than intentionally.[3] The mitigating factors found by the hearing officer included absence of a prior disciplinary record (*Standard* 9.32(a)) and absence of a selfish or dishonest motive (*Standard* 9.32(b)). In addition, the hearing officer rejected the State Bar's argument that he should find, as aggravating circumstances, prior disciplinary offense (*Standard* 9.22(a)), selfish or dishonest motive (*Standard* 9.22(b)), substantial experience in the practice of law (*Standard* 9.22(i)), and indifference to paying restitution (*Standard* 9.22(j)).

---

[2] This court has held that the *Standards* provide suitable guidelines for determining the appropriate sanctions for lawyer misconduct. *See, e.g., In re Shannon*, 179 Ariz. 52, 68, 876 P.2d 548, 564 (1994) (stating that "[w]e look to the American Bar Association's *Standards for Imposing Lawyer Sanctions* . . . for guidance in determining the appropriate sanction to impose" (citing *In re Tarletz,* 163 Ariz. 548, 554, 789 P.2d 1049, 1055 (1990))); *In re Kaplan*, 179 Ariz. 175, 177, 877 P.2d 274, 276 (1994) (stating that "[i]n determining the appropriate sanctions, the Court considers the American Bar Association's *Standards for Imposing Lawyer Sanctions* a suitable guideline" (citing *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990))).

[3] *Standard* 4.63 provides that "[r]eprimand [censure in Arizona] is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client." *Standard* 6.13 provides that "[r]eprimand is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false . . . and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding."

¶10    Based on these *Standards*, the mitigating factors, and the absence of any aggravating circumstances, the hearing officer recommended discipline that included censure, one year's probation, and restitution.

¶11    The Disciplinary Commission adopted the hearing officer's findings of fact in their entirety, but modified de novo what it described as his conclusions of law. The Disciplinary Commission held that Clark's conduct was knowing, if not intentional, rather than negligent, and caused actual injury to Kosac and to the legal system. Further disagreeing with the hearing officer, the Disciplinary Commission found de novo four aggravating factors: prior disciplinary offenses (*Standard* 9.22(a)), dishonest or selfish motive (*Standard* 9.22(b)), substantial experience in the practice of law (*Standard* 9.22(i)), and indifference to making restitution (*Standard* 9.22(j)). The Disciplinary Commission also disagreed with the hearing officer's finding of two mitigating factors: absence of a prior disciplinary record (*Standard* 9.32(a)) and absence of a selfish or dishonest motive (*Standard* 9.32(b)). Considering Clark's intentional misconduct in conjunction with the factors present in aggravation and mitigation, the Disciplinary Commission recommended a two-year suspension, two years of probation with terms and conditions, and restitution.

7

¶12     This court granted review to determine whether the Disciplinary Commission may reject a hearing officer's factual findings absent a determination that the findings were clearly erroneous.  Based on the analysis below, we conclude that it may not.

## II.

¶13     Clear standards govern the Disciplinary Commission's review of a hearing officer's factual findings and legal conclusions.  In reviewing questions of law, the Disciplinary Commission applies a de novo standard of review, but "[i]n reviewing findings of fact made by a hearing officer, the commission shall apply a clearly erroneous standard."  Ariz. R. Sup. Ct. 58(b).[4]  In *In re Tocco*, 194 Ariz. 453, 456 ¶ 9, 984 P.2d 539, 542 (1999), this court stated:  "The Disciplinary Commission adopted the hearing committee's findings of fact in their entirety.  It then independently made additional findings.  This it may not do under current rules."  In this action, as in *Tocco*, the Disciplinary Commission adopted the hearing officer's findings of fact in their entirety.  Nevertheless, the Disciplinary Commission then effectively disregarded the hearing officer's findings related to Clark's state of mind.

_____

    [4]     When the Disciplinary Commission engaged in its review of the hearing officer's factual findings and legal conclusions in this case, this rule was numbered Rule of the Supreme Court of Arizona 53(d)(2).  This change in numbering has no bearing on our decision.

8

¶14     Determining a person's mental state requires the resolution of questions of fact. *See Republic Ins. Co. v. Feidler*, 178 Ariz. 528, 531, 875 P.2d 187, 190 (App. 1993) (stating that "intent to injure is a fact question"). In disciplinary proceedings, a respondent's mental state can both determine whether an ethical violation occurs and affect the appropriate discipline for a violation.

**A.**

¶15     The hearing officer's finding that Clark acted negligently rather than intentionally or knowingly determines whether he violated ER 8.4(c). As the State Bar recognizes, a lawyer cannot violate ER 8.4(c) by acting negligently; a violation of ER 8.4(c) must rest upon behavior that is knowing or intentional and purposely deceives or involves dishonesty or fraud. *See* Ariz. R. Sup. Ct. 42, ER 1.0(d) (defining "fraud" or "fraudulent" as conduct that "has a purpose to deceive"); *In re Owens*, 182 Ariz. 121, 125, 893 P.2d 1284, 1288 (1995) (stating that "ER 8.4(c) requires dishonesty, fraud, deceit or misrepresentation, not just negligence"). Because a violation of ER 8.4(c) requires knowing or intentional misconduct, the factual finding that Clark's conduct was merely negligent necessarily establishes that both the hearing officer and the Disciplinary Commission erred in concluding that Clark violated that ethical rule. The Disciplinary Commission erroneously

reasoned that, because ER 8.4(c) requires knowing or intentional conduct, the hearing officer's conclusion that Clark violated ER 8.4(c) permitted the Disciplinary Commission to ignore the factual finding that Clark acted negligently. The factual finding must precede and support the legal conclusion. We therefore vacate the Disciplinary Commission's conclusion that Clark violated ER 8.4(c).

**B.**

¶16 Whether Clark's negligent mental state permits a conclusion that he violated ER 8.4(d), however, presents a different question. Although this court has not specifically addressed the issue of the requisite mental state for ER 8.4(d), the rule does not require a mental state other than negligent. If the Ethical Rules require a higher mental state, they usually specify the mental state required. *See*, *e.g.*, Ariz. R. Sup. Ct. 42, ER 8.4(f) (describing misconduct as "*knowingly* assist[ing] a judge or judicial officer in conduct that is a violation of applicable Code of Judicial Conduct or other law") (emphasis added).

¶17 In the current action, the hearing officer found that Clark negligently engaged in conduct prejudicial to the administration of justice and thus violated ER 8.4(d). Clark's act of transferring assets to his professional corporation and notifying another creditor of the transfer may have deprived

10

Kosac of partial recovery on his judgment. We agree with the hearing officer and the Disciplinary Commission that Clark's negligent conduct and its impact supported a conclusion that his conduct was prejudicial to the administration of justice in violation of ER 8.4(d).

## c.

¶18     The Disciplinary Commission also erred by effectively, although not expressly, rejecting the hearing officer's factual findings central to determining appropriate discipline. Although the hearing officer specifically found that Clark lacked a selfish or dishonest motive and rejected the State Bar's argument that Clark exhibited an indifference to affording restitution, the Disciplinary Commission found Clark's selfish or dishonest motive and indifference to restitution to be aggravating circumstances. Just as the Disciplinary Commission may not ignore the hearing officer's findings of fact to support a different conclusion as to misconduct, it may not reject the hearing officer's findings of fact related to discipline unless it determines that the factual findings are clearly erroneous.[5] In determining the appropriate sanction for Clark's violation of

---

[5]     Other aggravating and mitigating circumstances that the Disciplinary Commission regarded differently than did the hearing officer, such as the effect of prior disciplinary proceedings and substantial experience in the practice of law, did not depend upon factual findings. The Disciplinary Commission was entitled to weigh or characterize such factors differently than did the hearing officer.

11

ER 8.4(d), therefore, the Disciplinary Commission must rely upon the hearing officer's factual findings related to mitigating and aggravating circumstances, unless those findings are clearly erroneous.

**III.**

¶**19** For the foregoing reasons, we reverse the Disciplinary Commission's conclusion that Clark violated ER 8.4(c), affirm its conclusion that Clark violated ER 8.4(d), and remand to the Disciplinary Commission to consider the appropriate discipline for Clark's violation of ER 8.4(d).


_____
Ruth V. McGregor, Vice Chief Justice


CONCURRING:


_____
Charles E. Jones, Chief Justice


_____
Rebecca White Berch, Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


12