100 P.3d 1197 (2004)
2004 UT 83
In the Matter of the DISCIPLINE OF H. Delbert WELKER, # 3418.
Utah State Bar, Plaintiff and Appellant,
v.
H. Delbert Welker, Defendant and Appellee.
No. 20030428.
Supreme Court of Utah.
October 15, 2004.
*1198 Kate A. Toomey, Salt Lake City, for plaintiff.
John R. Bucher, Salt Lake City, for defendant.
WILKINS, Associate Chief Justice:
¶ 1 The Utah State Bar Office of Professional Conduct ("OPC") appeals the district court's decision that, under Rule 22(d) of the Utah Rules of Lawyer Discipline and Disability ("RLDD"), an attorney may receive only equivalent or lesser sanctions in reciprocal discipline proceedings. We affirm.

FACTUAL AND PROCEDURAL HISTORY
¶ 2 H. Delbert Welker is an attorney and presently still a member of the state bars of Utah and California. On September 4, 2001, the State Bar of California disciplined Welker for attorney misconduct based on a set of stipulated facts in four different cases. The district court below relied on those facts in Welker's reciprocal discipline proceeding. The misconduct can be summarized as follows:
¶ 3 In the first case, a personal injury and workers' compensation matter, Welker failed to conduct any formal discovery or arrange for a qualified medical examination of his client, and allowed mediation to proceed before psychological and physical examinations had taken place. He also signed a request for dismissal and allowed defense counsel to file it without authority from his client. Furthermore, Welker misled the court by misrepresenting his authority to settle a claim for his client and by stating that a settlement had been reached.
¶ 4 In the second case, another personal injury action, Welker misappropriated his client's funds by failing to pay medical service provider liens as directed by his client, even though funds had been deposited in the client trust account for that specific purpose. The account was overdrawn as to the amount to be paid to the medical service providers.
¶ 5 In the third case, Welker again misappropriated client funds when he wrote checks out of his client trust account for items not client-related, including personal and family expenses.
¶ 6 In the final case, in January 2001, a Utah court suspended Welker from the practice of law in Utah for conduct warranting discipline in the state of California. Welker failed to report this discipline to the State Bar of California.
¶ 7 As a consequence of this misconduct, the State Bar Court of the State Bar of California suspended Welker from practicing law for three years. The court then stayed the suspension, and replaced it with an eighteen-month actual suspension and a four-year probation.
¶ 8 On September 16, 2002, the Utah OPC filed a petition for reciprocal discipline pursuant to Rule 22 of the RLDD. In its brief, the OPC sought disbarment, a sanction greater *1199 than the eighteen-month suspension imposed in California, based on Utah case law and the Utah Standards for Imposing Lawyer Sanctions. In reply, Welker contended that Rule 22 of the RLDD prohibited more severe discipline than that imposed by the California Bar, and only allowed the imposition of equal or lesser sanctions.
¶ 9 The district court ruled in favor of Welker, interpreting the language of Rule 22 of the RLDD as prohibiting a more severe sanction in reciprocal discipline proceedings.[1] The court determined that the three situations in which a court could depart from equivalent discipline  subsections (d)(1), (d)(2), and (d)(3) of the rule  would all benefit the respondent attorney; therefore, the drafters of the rule did not contemplate the possibility of a more severe sanction. Furthermore, the court concluded that since the final paragraph of subsection (d) places the burden on the respondent attorney to demonstrate that an equivalent discipline is not appropriate, and the rule does not place a similar burden on the OPC to show that more severe sanctions are appropriate, the rule permits only an equivalent or lesser sanction.
¶ 10 The district court imposed equivalent discipline of an eighteen-month suspension, less six months for suspension time already served in California, since Welker failed to demonstrate that the equivalent discipline was unwarranted. The OPC appeals the judgment of the district court, claiming that it incorrectly interpreted Rule 22 and arguing that Welker should be disbarred for a pattern of behavior that, had it occurred here, would have mandated disbarment.

STANDARD OF REVIEW
¶ 11 Unlike matters within the general jurisdiction of the district courts, lawyer discipline matters come to the district court as a partial delegation of our authority. Under this court's constitutional mandate to govern "by rule" the practice of law, we therefore review the district court's interpretation of the RLDD for correctness. In re Sonnenreich, 2004 UT 3, ¶ 12, 87 P.3d 712 (discussing article VIII, section 4 of the Utah Constitution, which grants this court the power to regulate the practice of law).

ANALYSIS
¶ 12 The OPC's argument that Rule 22 contemplates the imposition of sanctions more severe than equivalent discipline in reciprocal proceedings is not supported by the language of the Rule. While nowhere in Rule 22 is increased discipline expressly prohibited, there is simply no language in the rule to indicate authority to apply harsher sanctions. To the contrary, as the district court noted, it is clear from the language in subsection (d) of Rule 22, which allows the respondent attorney to contest equivalent discipline, that the possibility of only an equivalent or less severe sanction was contemplated by the drafters of the rule. Therefore, while Rule 22 could conceivably be read to allow harsher sanctions in the absence of explicit prohibitory language to that effect, the plain language of the rule suggests a contrary intent by the drafters.
¶ 13 In its brief and at oral argument, the OPC referred to decisions in which other jurisdictions with similar, but not identical, reciprocal discipline rules have interpreted those rules to include the possibility of increased sanctions. However, the rules in those jurisdictions explicitly allow for regulators to contest equivalent discipline, which *1200 the courts have interpreted to include advocating harsher sanctions. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003); People v. Apker, 67 P.3d 23, 24-25 (Colo.2003). Utah's reciprocal discipline rule as it currently stands does not explicitly allow for such input, nor are there means outside the rule whereby the OPC can seek sanctions based on discipline in another jurisdiction.[2]
¶ 14 Moreover, this court recognizes the importance of respecting the judgments of other disciplinary bodies. The Court of Appeals for the District of Columbia, which hears the largest number of reciprocal discipline cases, has noted that "there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority." Zdravkovich, 831 A.2d at 970. We have adopted a similar policy of consistency. See Utah Standards for Imposing Lawyer Sanctions 1.3(c) ("These standards are designed ... to promote ... consistency in the imposition of disciplinary sanctions for the same or similar offenses within and among jurisdictions."); In re Babilis, 951 P.2d 207, 212 (Utah 1997) ("Inconsistent sanctions, either within a jurisdiction or among jurisdictions, cast doubt on the efficiency and the basic fairness of all disciplinary systems."). Absent a modification of the rule, the OPC's suggestion of a harsher measure of discipline is unavailing.
¶ 15 Both parties have raised other arguments that are disposed of by our interpretation of Rule 22. As a result, we do not reach them.

CONCLUSION
¶ 16 We affirm the district court's interpretation of Rule 22 of the RLDD and hold that the plain language of the present rule does not allow for more severe sanctions in a reciprocal discipline proceeding. Equivalent sanctions must be imposed unless the offending attorney offers sufficient evidence warranting a lesser sanction. Affirmed.
¶ 17 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.
NOTES
[1] In pertinent part, Rule 22(d) states:

[T]he district court shall take such action as may be appropriate to cause the equivalent discipline to be imposed in this jurisdiction, unless it clearly appears upon the face of the record from which the discipline is predicated that:
(d)(1) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
(d)(2) the imposition of equivalent discipline would result in grave injustice; or
(d)(3) the misconduct established warrants substantially different discipline in this state or is not misconduct in this jurisdiction.
If the district court determines that any of these elements exist, it shall enter such other order as it deems appropriate. The burden is on the respondent to demonstrate that the imposition of equivalent discipline is not appropriate.
Utah R. Lawyer Discipline and Disability 22(d).
[2] The language of Rule 22 at present mandates that reciprocal discipline proceedings occur only by the means set forth in that rule.