In the Matter of RICHARD E. CLARK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [961 NYS2d 812]—

Per Curiam. Respondent was admitted to practice by this Court in 1977. He maintains an office for the practice of law in the Village of Liverpool, Onondaga County. Respondent was admitted to practice in Arizona in 1983, where he practiced law until he relocated to New York in June 2010.

In October 2012, the Supreme Court of Arizona suspended respondent from the practice of law for a period of 60 days, to be followed by a period of probation for one year after respondent's reinstatement. The order was made upon respondent's execution of an agreement for discipline. Respondent was reinstated to the practice of law in Arizona effective January 7, 2013.

Petitioner moves for an order imposing discipline upon respondent pursuant to this Court's rules (see 22 NYCRR 806.19). We have heard respondent in opposition.

According to the agreement for discipline adopted by the Supreme Court of Arizona, respondent, while acting as general counsel for an entity to file suits on behalf of the entity's foreclosure clients, failed to make appearances or respond to various pleadings in several matters resulting in court dismissals and sanctions. He also failed to timely notify the courts when he was dismissed as general counsel in June 2010. In addition, in a bankruptcy matter, respondent failed to adequately communicate with his client about the ongoing status of her bankruptcy matter and failed to respond to a motion to dismiss, which was subsequently granted.

Respondent's misconduct is aggravated by his prior discipline in Arizona, which includes a 1996 informal reprimand and a 2004 censure and probation for two years (see e.g. Matter of Clark, 207 Ariz 414, 87 P3d 827 [2004]). In addition, on account of the 2004 censure, this Court censured respondent in 2005 (Matter of Clark, 16 AD3d 1018 [2005]).

We conclude that respondent has not established any of the available defenses to petitioner's motion for discipline (see 22 NYCRR 806.19 [d]), which motion is granted. We further conclude that, under the circumstances presented, respondent should be suspended from the practice of law in this state for a period of six months. We decline to grant respondent's request

for a waiver of the requirement that he take and pass the Multistate Professional Responsibility Examination as a condition of reinstatement (*see* 22 NYCRR 806.12 [b]).

Mercure, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).